IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAFAEL SOTO HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PEMMARK TRANSPORTATION, INC., et al.,<br><br>    Defendants. | Case No. 24-1158-TC-ADM |

**MEMORANDUM AND ORDER**

    This matter is before the court on Defendant FX Logistics, LLC's Motion to Stay Discovery Pending Resolution of Motion to Dismiss. (ECF 113.) By way of the motion, FX Logistics, LLC ("FX") asks the court to stay all discovery until the court decides FX's pending motion to dismiss (ECF 84). For the reasons discussed below, the court denies the motion to stay.

**I.    BACKGROUND**

    On September 13, 2023, plaintiff Rafael Soto Hernandez ("Soto Hernandez") was injured when a tractor-trailer driven by defendant Ali Abbas struck the parked transit van in which he sat. Soto Hernandez filed this action about a year later against Abbas, Abbas's employers, and the employers' insurance agency, asserting Abbas had been negligent. (ECF 1.) Soto Hernandez filed an amended complaint on March 11, 2025, which, among other things, added FX as a defendant. (ECF 50.) On May 23, FX moved to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim for which relief can be granted. (ECF 84.) FX contends that it is a freight broker and, as such, Soto Hernandez's claims against it "are expressly pre-empted by the Federal Aviation Administration Authorization Act ("FAAAA")." (ECF 85, at

1.)  Soto Hernandez has contested the motion, arguing that the pleadings do not support the conclusion that FX was a freight broker and, even if they did, the majority of courts have concluded that the FAAAA does not expressly preempt state-law negligence claims against brokers.  (ECF 88, at 1-2.)

On July 2, Soto Hernandez served FX with Requests for Production of Documents, Requests for Admission, and Interrogatories.  (*See* ECF 108.)  On July 30, FX filed the current motion to stay discovery pending the court's ruling on its motion to dismiss.  (ECF 113.)  The motion "requests that the Court stay discovery in this matter until its Motion to Dismiss is resolved, with the exception of Requests for Admission, which Defendant intends to respond to timely."  (*Id.* at 2.)

## II.     LEGAL STANDARD

The court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1); s*ee also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990) (discussing Rule 26(c)).  Stays are disfavored, however, because they "can delay a timely resolution of the action."  *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020).  Further, "the right to proceed in court should not be denied except

under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc*., 713 F.2d 1477, 1484 (10th Cir. 1983).

With these considerations in mind, this district has adopted a longstanding policy not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion."). "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Cont'l Ill.*, 130 F.R.D. at 148. A stay *may* be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-*2 (D. Kan. Feb. 2, 2023). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.").

### III.   ANALYSIS

FX asserts that a stay is appropriate here because discovery "would be wasteful and unduly burdensome to FX Logistics, particularly given the strength of Defendant's dispositive motion." (ECF 113, at 3.) FX also argues that discovery is not needed for resolution of the motion to

dismiss—which will be decided based on an interpretation of law—and that resolution of the motion to dismiss would dismiss all of Soto Hernandez's claims against FX.

The court has reviewed the briefing on FX's pending dispositive motion. With respect to each of FX's arguments for dismissal, Soto Hernandez's response brief asserts viable counter arguments. Although FX ultimately may prevail on its theory that it acted as nothing more than a freight broker, such that Soto Hernandez's claims against it may be preempted, a motion to dismiss does not appear to be the appropriate procedural vehicle for raising that argument. Soto Hernandez notes that FX relied on matters outside the pleadings, which Soto Hernandez disputes. Thus, it appears the parties need to proceed with discovery in order to determine the capacity in which FX was acting based on the facts and circumstances underlying this particular case. The court does not presume to predict how the district judge will rule, but Soto Hernandez raises what appears to be legitimate arguments against dismissal at the pleading stage.

In addition, a ruling on FX's motion to dismiss will not resolve the case in its entirety, as Soto Hernandez has asserted claims against a number of other defendants. FX also has not demonstrated that participating in discovery at this procedural juncture would be wasteful or burdensome enough to justify a stay. "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *Id.* at *2. Although FX asserts that discovery will be "burdensome," FX does not support this conclusory statement with reference to specific facts or affidavits.

In sum, FX has not met its burden to demonstrate that this is an exceptional case warranting a discovery stay. Soto Hernandez filed this action nearly a year ago and has a right to see it proceed in a timely manner, absent a strong showing by the movant. For the reasons discussed above, the court denies FX's motion to stay.

**IT IS THEREFORE ORDERED** that Defendant FX Logistics, LLC's Motion to Stay Discovery Pending Resolution on Motion to Dismiss (ECF 113) is denied.

Dated July 31, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
